## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RIVER WILLIAMS,<br>M 53633, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-149-DWD |
| | ) | |
| TYSON CHOATE, | ) | |
| T. JONES, | ) | |
| OFFICER EDWARDS, | ) | |
| JOHN DOE. | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff River Williams, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard).  (Doc. 1).  Plaintiff claims that on April 14, 2020, he was beaten by a group of guards while they were escorting him from one location to another.  Plaintiff alleges that as a result of the altercation, he needed stitches and he had many cuts and scrapes.  He seeks monetary damages and injunctive relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's Complaint is a single paragraph, supported by many exhibits.  (Doc. 1 at 6).  Although typically the Court would require a more detailed factual narrative, Plaintiff's excessive force claim is exceedingly straightforward, and his attached institutional grievance gives a play-by-play factual narrative of what he alleges occurred on the date in question.  (Doc. 1 at 7-8).  Plaintiff claims that on April 14, 2020, Defendants Choate, Jones, Edwards and John Doe used excessive force against him while he was being transported back to a cell.  Specifically, he alleges that he was taken down to the ground without resistance.  (Doc. 1 at 8).  Once on the ground, Defendants Jones, Choate and Edwards punched and kicked him.  At some point Defendant Jones pepper sprayed him, additionally, he was pepper sprayed a second time by a John Doe officer.  The beating continued for some time, and he was dragged or carried to multiple locations in the prison.  Ultimately, he ended up in the health care unit where he received five stitches above his left eye.  He alleges that his face was so swollen that he could barely see out of his eyes, he had multiple cuts on his face and hands, his lower back and right hip hurt, his right pointer finger was numb, and he had two broken teeth.  Plaintiff appended grievances and medical documentation to support his claim.  (Doc. 1 at 7-36).

Based on the allegations in the Complaint, the court designates the following Claim:

**Claim 1:** **Eighth Amendment excessive force claim against Defendants Choate, Jones, Edwards, and John Doe.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

Plaintiff may proceed beyond initial review on his claim of excessive force against Defendants Choate, Jones, Edwards, and John Doe for their respective roles in his alleged beating on April 14, 2020.  *See e.g., Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) ("the unnecessary and wanton infliction of pain on a prisoner violates his rights under the Eighth Amendment.")

In the demands for relief, Plaintiff mentions the Federal Tort Claims Act.  "The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees." *Simmons v. Himmelreich*, 578 U.S. 621, 623 (2016); 28 U.S.C. §§ 1346(b), 2674.  Here, Plaintiff does not name any federal employees, so he cannot maintain a claim premised on the FTCA.  Accordingly, this aspect of his pleading fails to state a claim.

**Disposition**

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Defendants Choate, Jones, Edwards and John Doe.  The Clerk is **DIRECTED** to **ADD** the Warden of Menard for the sole purpose of helping to identify John Doe.

The Clerk of Court is **DIRECTED** to prepare for Defendants Choate, Jones, Edwards, and the Warden of Menard (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.** The Warden of Menard does not need to file an answer. Once the Warden appears a schedule will be set for identification of the John Doe.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

[CONTINUED ON NEXT PAGE]

Although there is no claim directly implicating healthcare, the Plaintiff has already

tendered some of his own medical records so, the Clerk of Court is **DIRECTED** to enter

the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

        **IT IS SO ORDERED.**

        Dated: March 7, 2022

_____
DAVID W. DUGAN
United States District Judge

Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your
lawsuit and serve them with a copy of your complaint. After service has been achieved,
the defendants will enter their appearance and file an Answer to the complaint. It will
likely take at least 60 days from the date of this Order to receive the defendants' Answers,
but it is entirely possible that it will take 90 days or more. When all of the defendants
have filed Answers, the Court will enter a Scheduling Order containing important
information on deadlines, discovery, and procedures. Plaintiff is advised to wait until
counsel has appeared for the defendants before filing any motions, to give the defendants
notice and an opportunity to respond to those motions. Motions filed before defendants'
counsel has filed an appearance will generally be denied as premature. Plaintiff need not
submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles
that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but
it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening
only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some
relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged
actually occurred and that those facts satisfy the legal requirements for recovery. Trial is
the highest and most difficult of hurdles for any Plaintiff to clear.